# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-11V
(not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| W.Y., *by his parents,* J.Y. *and* S.Y., | Filed: April 20, 2021, |
| Petitioners, | |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Renee Gentry*, Vaccine Injury Litigation Clinic, George Washington University Law School, Washington, DC, Petitioner.

*Jennifer Reynaud*, U.S. Dep't of Justice, Washington, DC, Respondent.

**DECISION GRANTING MOTION TO DISMISS**[1]

On January 2, 2018 J.Y. and S.Y. filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that their son, W.Y., experienced the reactivation of a varicella virus in 2014 or 2015 that was made possible by

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or simila r files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

a varicella vaccine he was administered seven-plus years prior, in November 2007. Petition (ECF No. 1) at 1. This case was one of three filed on behalf of W.Y. and his two siblings— triplets born November 14, 2006—and all three were similar in terms of theory asserted. *Id.*³ This Petition alleged a causation-in-fact, non-Table claim, and also a significant aggravation claim.

Medical records were filed in support of this claim while one of the related claims was litigated. I ultimately dismissed that claim via a ruling on the record on June 26, 2020. *See A.Y. v. Sec'y of Health & Hum. Servs.*, No. 17-850V, 2020 WL 5351342 (Fed. Cl. Spec. Mstr. June 26, 2020), *mot. for review denied*, 2021 WL 800394 (Fed. Cl. Feb. 1, 2021). Petitioners chose not to appeal to the Federal Circuit.

On April 14, 2021, Petitioners filed what they styled as a "Motion For Decision Dismissing Their Petition." Motion, dated April 14, 2021 (ECF No. 16) ("Mot."). In it, Petitioners request I dismiss this case, acknowledging that an investigation of the facts and science supporting has demonstrated that they will be unable to prove that they are entitled to compensation in the Vaccine Program. Mot. at 1. Petitioners also have indicated they intend to protect their rights to file a civil action in the future. Therefore, pursuant to 42 U.S.C. §300aa-21(a)(2), they intend to elect to reject the Vaccine Program judgment against them and elect to file a civil action. Respondent has informally indicated he has no objection to Petitioners' motion to dismiss.

## ANALYSIS

The provisions under the Vaccine Rules for ending a case *before* a decision has been issued are largely inapplicable herein. Petitioners expressly do not wish to avail themselves of Vaccine Rule 21(a)(1)(A), which governs voluntary dismissals before service of the Rule 4(c) Report (and no such report has been filed in this case to date), and Respondent has not stipulated to dismissal under Rule 21(a)(1)(B). In addition, even if the parties had so stipulated, Petitioner seeks entry of a judgment, whereas Vaccine Rule 21(a) would only result in an "order concluding proceedings." Rule 21(a)(3).

Accordingly, the only remaining channel for the relief Petitioners request is a "motion seeking dismissal"—an informal mechanism for ending cases that other petitioners have used, either because they have determined that the claim cannot succeed, or simply because they choose not to continue with the claim, but have reached that determination after the time to act under Rule 21 has passed. *See, e.g., Goldie v. Sec'y of Health & Human Servs.*, No. 18-1476V, 2019 WL 6045647, at *1 (Fed. Cl Spec. Mstr. Oct. 11, 2019). Petitioners, in their motion, acknowledge that any Decision dismissing the case at this point will be adverse to seeking relief in the Program in the future (based on this vaccination). Mot. at 1. In addition, I do find that my determination in the

---

³ *See* Order Granting Mot. to Consolidate at 1, filed Jan. 4, 2018 (ECF No. 16).

related matter brought by Petitioner's sibling is equally applicable herein, and I likely would made the same determination in this case if it were to continue in the Program based on its similarity theory-wise.

The rules of the Court of Federal Claims (which are properly applied herein)[4] permit dismissal of claims at a petitioner/plaintiff's request and "on terms that the court considers proper." RCFC 41(a)(2). Accordingly, I find it is appropriate to grant Petitioner's Motion. Expediency, judicial efficiency, and providing fairness to Vaccine Program claimants—values that constantly inform the work of special masters in deciding vaccine injury claims—all counsel in favor of allowing dismissal when requested by a petitioner. Dismissal of the case will obviate the need to write a lengthy decision, and cut off the prospect of future appeal as well (at least on matters not pertaining to attorney's fees), thus further preserving judicial resources.

I will, however, designate the dismissal as *with prejudice*.[5] Given the similarity of this case to the one I expressly dismissed via a written reasoned decision, it is highly unlikely Petitioners could propose an alternative basis for entitlement not already considered, and therefore keeping the door open to a new revised petition would be a futile endeavor. And I note that Respondent has not conceded that the claim possessed reasonable basis, and therefore may challenge any final fees request in this matter on that ground (although my dismissal is not to be deemed an indication that I believe such a challenge would be well-founded).

## CONCLUSION

Under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone. In this case, there is insufficient evidence in the record for Petitioners to meet their burden of proof, and insufficient reliable scientific proof offered in support of the causation

---

[4] The Vaccine Rules specifically stated that the Rules of the Court of Federal Claims "apply only to the extent they are consistent with the Vaccine Rules," and otherwise empower special masters to "regulate the applicable practice" under the Vaccine rules "[i]n any matter not specifically addressed" therein. Vaccine Rule 1(b) and (c). Here, I find that permitting dismissal—in the form stated in this Decision— based on a rule of the Court of Federal Claimsis fully consistent with the Vaccine Rules, given that language of Vaccine Rule 21 does not cover voluntary dismissal by court order, whereas RCFC 41 does cover voluntary dismissal by court order. Thus RCFC 41(a)(2) addresses a situation not contemplated by Vaccine Rule 21.

[5] Rule 41(a)(2) gives the Court discretion as to whether a dismissal should be with or without prejudice. *See Giesecke & Devrient GmbH v. United States*, 146 Fed. Cl. 631, 641 (Fed. Cl. 2020) ("[u]nder Rule 41(a)(2), a voluntary dismissal by court order is 'without prejudice' unless the court finds that the defendant will suffer legal prejudice, such as when a plaintiff "does not seek dismissal until a late stage" in the litigation"). There are three factors to consider on whether a dismissal should be with or without prejudice: "(i) the burden on the defendant if the case were to be dismissed without prejudice; (ii) the progress of the litigation; and (iii) the diligence and good faith of the plaintiff." *Klamath Irrigation District v. United States*, 116 Fed. Cl. 117, 119 (Fed. Cl. 2014).

Here, the late stage of the litigation—a case pending for three years, featuring multiple experts and reports, full fact discovery, and ample briefing, weighs in favor of dismissal with prejudice.

theory. Therefore, Petitioners' claim cannot succeed and must be dismissed. Section 11(c)(1)(A).

Accordingly, the Motion for a Decision Dismissing the Case is hereby GRANTED, and the Petition is dismissed **with prejudice**. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.